IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No.: S 02-CV-3719 |
| v. | * |
| BANK OF AMERICA, N.A. | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT MOTION FOR VACATUR
OF OPINION AND ORDER DATED JANUARY 15, 2003**

Plaintiff National Union Fire Insurance Co. of Pittsburgh, PA, by undersigned counsel and with the consent of Defendant Bank of America, N.A., hereby moves the Court pursuant to Federal Rule of Civil Procedure 60(b) for vacatur of the January 15, 2003 Opinion and Order dismissing Plaintiff's Complaint. In support of this Motion, Plaintiff relies on the accompanying memorandum of law.

Dated: July 14, 2003

Respectfully submitted,

By: _____/s/_____
Robert W. Ludwig, Jr. (Bar #04800)
Michael J. Kresslein (Bar #24932)
LUDWIG & ROBINSON, PLLC
555 Eleventh Street, N.W., Suite 850
Washington, DC 20004
(202) 289-1800

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No.: S 02 CV-3719 |
| v. | * | |
| BANK OF AMERICA, N.A. | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF CONSENT MOTION
FOR VACATUR OF OPINION AND ORDER DATED JANUARY 15, 2003**

Plaintiff National Union Fire Insurance Co. of Pittsburgh, PA, by undersigned counsel and with the consent of Defendant Bank of America, N.A., hereby submits its memorandum in support of its Motion for Vacatur of Order and Opinion Dated January 15, 2003.

**BACKGROUND**

Plaintiff instituted this action on November 7, 2002, bringing causes of action based on statutory negligence under §§ 3-404, 3-405 and 3-406 of the UCC, money had and received, conversion, unjust enrichment and constructive trust. On January 15, 2003, the Court issued an Opinion and Order (the "Opinion and Order"), dismissing part of Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and the remainder for lack of subject matter jurisdiction. On February 14, 2003, Plaintiff timely noted an appeal to the Fourth Circuit.

With the assistance of Frank Laney, the Fourth Circuit mediator, Plaintiff and Defendant settled their dispute on or about April 15, 2003. A term of the settlement was the vacatur of the

Opinion and Order. On April 17, Plaintiff, with Defendant's consent, wrote to this Court seeking an indication as to whether it would vacate the Opinion and Order in the event that the action were remanded for that purpose. By letter dated April 22, the Court indicated that it would so vacate: "If vacatur of Judge Smalkin's January 15, 2003 Opinion and Order will facilitate resolution of this matter, and such vacatur would be unopposed by all parties to this action, I would be inclined to grant your request."

On May 2, Plaintiff filed its Consent Motion to Remand, for the limited purpose of permitting this Court to rule on the instant motion. The Consent Motion to Remand was granted by the Fourth Circuit on May 29. Plaintiff, again with Defendant's consent, now submits it Motion for Vacatur, requesting the Court to vacate the Opinion and Order as it previously indicated it would. This Motion is identical in substance to Plaintiff's aforementioned letter of April 17.

**ARGUMENT**

Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment." Under this rule, a party may seek vacatur of an order, including where such order has been mooted by reason of settlement. *See, e.g., Valero Terrestrial Corp.*, 211 F.3d 112, 116-21 (4th Cir. 2000) (discussing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994)).

Vacatur of the Court's January 15, 2003 opinion and order will facilitate settlement of this action. Although mootness by settlement does not justify the vacatur of a court's order in every instance, sufficient "exceptional circumstances" exist in this case to justify vacatur. *See Valero*, 211 F.3d at 116-21 (adopting standard set forth in *U.S. Bancorp Mortgage Co. v. Bonner*

2

*Mall Partnership*, 513 U.S. 18 (1994), involving vacatur by appellate courts). For example, other circuits have recognized that such circumstances exist where the appellant is a "repeat player" in the courts, with an "institutional interest in vacating adverse rulings of potential precedential value" that may otherwise cause the settlement to fail if vacatur is not granted. *See Wal-Mart Stores, Inc. v. Rodriguez*, 2003 WL 1409311 *2 (1st Cir. March 20, 2003) (citing *Motta v. District Director of I.N.S.*, 61 F.3d 117, 118 (1st Cit. 1995)); *see also Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149 (2nd Cir. 1998) (vacating opinion and order in trademark infringement action where appellant "was agreeable to a settlement but needed a vacatur because, in the course of defending its marks, it, like the INS in *Motta*, had to be concerned about the effect of the district court's decision in future litigation with alleged infringers.").

      National Union, as a national insurer on fidelity bonds, is a "repeat player" in the courts. As assignee and subrogee of its insureds, National Union routinely brings actions against banks for their acceptance of fraudulent checks in violation of Articles 3 and 4 of the U.C.C. and related common law obligations, which often result in losses of hundreds of thousands, or even millions, of dollars to National Union's insureds, and thus potentially to National Union. Vacating the Court's opinion and order of January 15, 2003, especially its ruling with respect to the "money had and received" claim, is significant to National Union, particularly as compared to the relatively small monetary claim against Bank of America. Vacating this decision is an essential term of any potential settlement between the parties. As in *Wal-Mart*, "[i]t would be inequitable here to require [National Union] to choose between the strong public interest in settling the case amicably and [its] interest [] in removing adverse precedent." *Wal-Mart*, 2003 WL 1409311 *2.

3

Moreover, the settlement was not initiated solely by National Union. As in *Motta*, wherein the Court raised the possibility of settlement during oral argument, National Union "did not by its own initiative relinquish its right to vacatur, as the petitioner did in *Bancorp*. Rather [appellant] has at all times sought to pursue its appeal; it has agreed to consider settlement only at the suggestion of this Court, the proposed settlement being an inexpensive, simple, and speedy way to accommodate the interests of both parties." 61 F.3d at 118. As noted above, the mediator, which the Fourth Circuit appointed of its own initiative without request of the parties, initiated the current settlement discussions.

Any public interest in the precedential value of the Court's opinion and order does not "take priority over the parties' best interests," which is clearly demonstrated where the precedential effect of the relevant decision is a primary concern of one of the parties. *See Motta*, 61 F.3d at 117.

In addition, judicial economy would be served by facilitating settlement at this juncture, in that if National Union is successful on appeal and the case is remanded to this Court, substantial judicial resources will be required to bring the case to resolution because the case was dismissed at an early stage in litigation, *i.e.* on a motion to dismiss. National Union believes that the likelihood of reversal of the court's decision is substantial, given 1) that the Court, in dismissing the claim for "money had and received," did not rely on authority involving such a claim, but on an unjust enrichment case, *see Plitt v. Greenberg*, 219 A.2d 237 (1966); 2) that the viability of such a cause of action in check fraud cases, which is demonstrated by cases across the country, would be defeated if retention of the funds were required, as such retention is almost never present in embezzlement cases; and 3) the existence of contrary authority in other jurisdictions with respect to the retention issue. *See, e.g.*, *Hechter v. New York Life Ins. Co.*, 412

4

N.Y.S.2d 812, 813-15 (N.Y. 1978) (allowing money had and received claim against depositary bank, even though principal "withdrew all the funds from his account, apparently misappropriating the portion belonging to [the payee]"); *Peerless Ins. Co. v. Texas Commerce Bank – New Braunfels, N.A.*, 791 F.2d 1177, 1181 (5th Cir. 1986) (allowing money had and received claim against depositary bank for entire $500,000 paid to insured); *Hydroflo Corp. v. First Nat'l Bank of Omaha*, 349 N.W.2d 615, 621-22 (Neb. 1984) (allowing money had and received claim against depositary where all embezzled funds had been withdrawn and account closed).

## CONCLUSION

In light of the foregoing, National Union, by consent, respectfully requests that this Court vacate its Opinion and Order dated January 15, 2003, in the interests of facilitating settlement between the parties.

Dated: July 14, 2003                                   Respectfully submitted,


By:            /s/          
Robert W. Ludwig, Jr. (Bar #04800)
Michael J. Kresslein (Bar #24932)
LUDWIG & ROBINSON, PLLC
555 Eleventh Street, N.W., Suite 850
Washington, DC 20004
(202) 289-1800

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, | * |
| | * |
| Plaintiff, | |
| | *   Civil Action No.: S 02 CV-3719 |
| v. | |
| | * |
| BANK OF AMERICA, N.A. | |
| | * |
| Defendant. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

UPON CONSIDERATION OF the Consent Motion to Vacate Opinion and Order Dated January 15, 2003, and no opposition thereto, it is hereby

ORDERED, on this ___ day of _____, 2003, that the aforementioned motion is GRANTED, and it is

FURTHER ORDERED, that the Opinion and Order entered in the above-caption action on January 15, 2003 are hereby VACATED.

_____
United States District Judge
